HLD-021                                    **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 26-1887
_____

IN RE: SPARKLE MARTIN,
                                          Petitioner
_____

On a Petition for Writ of Mandamus to the
United States Bankruptcy Court for the District of New Jersey
(Related to D.N.J. Bankr. No. 1:23-bk-16081)
_____

Submitted Pursuant to Rule 21, Fed. R. App. P.
July 2, 2026
Before:  CHAGARES. *Chief Judge*, HARDIMAN and RESTREPO, *Circuit Judges*

(Opinion filed: July 16, 2026)
_____

OPINION[*]
_____

PER CURIAM

    Sparkle Martin has filed a petition for a writ of mandamus relating to her

Bankruptcy Court proceeding.  We will deny the petition.

    Martin filed pro se for bankruptcy protection in 2023.  The Bankruptcy Court

granted her a discharge and then entered its final decree on March 3, 2026.  Martin has

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

appealed from that decree to the District Court at D.N.J. Civ. No. 1:26-cv-02855, and that appeal remains pending.

Martin's present petition relates primarily to her housing situation, which was litigated extensively in the Bankruptcy Court. Martin and her family lived in at least three hotels during her bankruptcy, and each hotel took steps in state court and otherwise to evict them. The Bankruptcy Court expressly permitted some of these efforts by granting two creditors' motions for relief from the automatic stay. (Bankr. Ct. ECF Nos. 29, 94.)

As to some of those efforts and others, Martin filed motions of her own seeking sanctions and other relief for the creditors' purported violations of the automatic stay. The Bankruptcy Court denied them in relevant part and denied Martin's related motions, such as motions for reconsideration and to stay state-court proceedings. (ECF No. 93, 103, 104, 112, 128, 129, 156.) After Martin filed still more motions in the same vein, the court held a hearing at which Martin presented argument. The court then denied the motions and warned her that it would consider restricting her ability to file documents with the court if she persisted in filing repetitive motions. (ECF Nos. 180-183.)

Just five days later, Martin filed two more motions seeking again to proceed with claims that the court had just rejected. Thus, the court ordered Martin to show cause why it should not sanction her. Martin did not respond, and the court ultimately denied her latest motions and entered an order restricting her ability to file certain documents pro se

2

without leave of court. (ECF Nos. 195-198.) The court then entered its final decree. (ECF No. 199.) Martin appealed to the District Court and specified that she was challenging the Bankruptcy Court's denial of her latest motions and its imposition of sanctions. As noted, her District Court appeal is still pending.

In addition to filing that appeal, Martin also filed the mandamus petition at issue here. The primary relief she seeks is an order (1) requiring the Bankruptcy Court to adjudicate her arguments that creditors have violated the automatic stay, which she erroneously asserts that the court has not done,[1] and (2) vacating the court's filing injunction. She also requests other relief, including a hearing on the purported conflict of interest of a creditor's counsel (who has not represented her) and a stay of state-court eviction proceedings (which she unsuccessfully sought in the Bankruptcy Court).

We question whether Martin's petition is properly before us or whether she should have filed it with the District Court instead given that court's appellate jurisdiction over the bankruptcy court. *See* 28 U.S.C. § 1651(a). But we need not decide that issue because Martin's petition is otherwise procedurally improper. *See In re Ozenne*, 841 F.3d 810, 813-16 (9th Cir. 2016) (en banc). In *Ozenne*, a Bankruptcy Appellate Panel denied on the merits a mandamus petition seeking an order directing the Bankruptcy Court to adjudicate alleged violations of the automatic stay. The petitioner then appealed

---

[1] Martin claims that the Bankruptcy Court has merely denied her requests to sanction creditors for violating the automatic stay without deciding whether they actually violated the stay. That is incorrect. (ECF No. 195 at 7.)

3

to the Ninth Circuit. That court declined to decide whether the BAP had jurisdiction over the mandamus petition because it held that mandamus was improper for the separate threshold reason that mandamus is not a substitute for appeal. *See id.* at 816.

So too here. Mandamus is not available when a petitioner can or could have sought relief on appeal, and Martin can or could have sought the relief she seeks in her District Court appeal. *See In re Pressman-Gutman Co.*, 459 F.3d 383, 398 (3d Cir. 2006).[2] To the extent that she seeks relief that might be unavailable on appeal, she has not shown grounds for the "drastic" remedy of mandamus. *Id.* at 399.

For these reasons, we will deny Martin's mandamus petition. Martin's motions and other requests for relief are denied except to the extent that we will permit her filings here and will not require her to file anything further in support of her petition.

---

[2] The District Corut docket states that Martin's brief was due on April 17, 2026. The docket does not reflect any brief from Martin, but the appeal has not been dismissed and instead remains open. We express no opinion on whether it remains proper for Martin to pursue her appeal at this time.

4